Sneed, J.,
delivered the opinion of the Court.
The complainant, in 1860, bought a tract of land in Gibson county from C. G. Baird at the price of $3,600, which was paid in cash, and a deed executed to complainant with the usual covenants of seizin and warranty, and the covenant against incumbrances. The complainant’s vendor, C. G. Baird, has since departed this life. He left a last will and testament, “which was duly probated,” and by which he left his entire estate, both real and personal, to the defendant, Nancy, who was his widow, and who has since intermarried with defendant, Gideon Goodrich. The complainant went into possession of said tract of land under his deed, and was in possession at the time of the filing of this bill. He alleges that, at the time of his' said purchase, he supposed that the title was clear, and that no incumbrance or cloud was upon it, and that he had no intimation of such a thing from his vendor, who held the land under a decree of the Circuit Court of *22 Gibson county, rendered in tbe petition of one Jane Ward, then a minor, by her guardian, in which proceeding this and other lands of the said Jane "Ward were sold, when the complainant’s vendor became the purchaser of the tract in question; that the said Jane Ward has now brought suit against complainant to recover the land, and have an account of rents and profits, upon the ground that the said proceeding in the Circuit Court was utterly void, and communicated no title to the purchaser. The' bill further alleges that the complainant. has already expended large sums of money in defending said suit, and' will incur much greater liabilities on account of the same, and that he is advised and believes that he will ultimately lose the land, or be compelled to compromise said litigation at an enormous expense. He prays for a rescission of said contract- of purchase, and that the heirs and de-visees of his said vendor be required to refund to him the purchase money and his losses and expenditures in defense of said title. It is further charged that all the property of the estate of complainant’s vendor went into the possession of the defendant, Naucy, under the will of -the said vendor, and that all that is now left is a tract of land of two hundred acres, a part of which the defendants have sold to the defendant, William Irvin, who still owes a portion of the purchase money; that the said defendants, Goodrich, are about fraudulently to dispose of their, property, and the complainant has no other resource of indemnity for his anticipated loss of the said tract of land than is to be ■ realized from the remnant of the estate of his said *23 vendor now in tbe possession of tlie said defendants, Goodrich, and that he will be utterly without remedy unless the same be attached and held to re-imburse his said losses and expenditures. He therefore prays an attachment and injunction.
The defendants demurred to the bill, on the ground that the complainants’ remedy would be at law on the covenants of his title deed, and, as there had been no eviction, no covenant of the deed had been broken; and on the further ground that the representative of the estate of complainant’s vendor is a necessary party to the cause, and he is not made such.
The demurrer was overruled, and the defendants have appealed.
• We think the Chancellor committed no error in overruling the demurrer. The equities of the complainant against the estate of his vendor are clear. He does not, it is true, allege an eviction by paramount title; nor does he allege any fraud on the part of his vendor in the sale. But he does show that the estate of his vendor has been reduced to insolvency, and that the remnant is not sufficient to reimburse him in the purchase money, and the large expenditures which have been thrown upon him, and which he is yet to pay in defense of the title, which it is the duty of his warrantor, or those who represent him, to defend and make good. The covenant of seizin, if it be false, is broken the instant it is made, and the right of action . accrues • at once to the covenantee. It is unlike the covenant of warranty, which, if untrue, the cove-nantee must await an eviction, before he can bring his *24 action. And at law this is so, upon a mere failure of title, at whatever hazard of ultimate loss: Bawl. on Cov., c. 2 and 7; Kincaid v. Brittain, 5 Sneed, 124. But a court of equity will not entertain a bill to rescind upon a mere breach of the covenant of seizin, without more. There must be either an allegation of fraud, or the insolvency of the vendor, or in the language of this Court, “some other distinct ground of equitable jurisdiction:” Vide Barnett v. Clark, 5 Sneed, 437; 4 Hum., 66; 6 Hum., 309.
In this case the bill shows that the complainant, without the prompt aid of a court of equity, is utterly without remedy to indemnify himself against the heavy loss that is impending over him. There are other grounds, however, of equitable jurisdiction upon which the bill can be sustained, aside from the insolvency of the vendor’s estate. It may be sustained as a quia timet bill — and under circumstances which appeal with extraordinary force to the conscience of a court of equity. It is shown that of the personal property of the complainant’s vendor there is nothing left; and that of the real estate very little remains; and this the defendants are about fraudulently to sell or incumber, by which complainant will be left without the slightest chance of indemnity for his losses. If the allegations of the bill be true, a court of equity can not and should not close its doors against the complainant. Of the four remedies he invokes — the discovery, the injunction, the attachment and the rescission — two are cognizable alone in a court of equity, and without a combination of all, his remedy is inadequate. The *25 very fact that the remedy of a party at law is inadequate, invests the court of equity with jurisdiction- of his cause. And perhaps it may not be out of place upon this subject to quote some observations from an article adopted and approved by Prof. Amos in his lecture upon “What are courts of equity?” “The most general description of a court of equity is, that it has jurisdiction in cases where a plain, adequate and complete remedy at law can not be had, that is, in the common law courts. The remedy must be plain, for if it be doubtful and obscure at law, equity will assert a 'jurisdiction. 'So, it must be adequate at law; for if it fall short of what the party is entitled to, that founds a jw'isdiction in equity. And it must be complete; that is, it must attain its full end at law; it must reach the whole mischief, and secure the whole right of the party now and for the future; otherwise equity will interfere and give relief:” Mitf. PL, 6 Am. Ed., 1849; note to page 2.
The complainant not having an adequate or complete remedy at law by action upon his covenant of seizin, had a right on that ground to invoke the aid of a court of equity upon the case stated in his bill: Et vide Leiber’s “ Encyclopoedia Americana,” title Equity. In regard to which it was observed by an eminent English professor, that “it states the real case with reference to what we call courts of equity much more accurately than it can be found in any English law book:” 1 Story Eq. Jur., s. 28, note 1.
The decree of the Chancellor disallowing the demurrer will be affirmed, and the cause will be remanded *26 for answer and further proceedings, and for an amendment of -the bill, making the representative of the complainant’s vendor a party defendant. Costs of this Court will be paid by defendants, Goodrich and wife.